UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLEANN KELLY HARVICK,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., et al.,<br><br>Defendants. | No. 2:12-cv-03077-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Caroleann Kelly Harvick ("Plaintiff") seeks redress for a litany of statutory and common law violations which allegedly occurred prior to and during the foreclosure proceedings on Plaintiff's property. Presently before the Court is a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure[1] 12(b)(6) filed by Defendants Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc., and U.S. Bank National Association ("U.S. Bank"), as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2006-HE3 ("Defendants"). (ECF No. 8.)

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless noted otherwise.

1

For the reasons that follow, the Court GRANTS, with leave to amend, Defendants' Motion to Dismiss with respect to Plaintiff's federal claims, and declines to exercise jurisdiction over the remaining state law claims until and unless Plaintiff can assert a cognizable federal claim or the Court's diversity jurisdiction.[2]

## BACKGROUND[3]

On December 14, 2005, Plaintiff obtained a loan from Option One Mortgage Corporation ("Option One") in exchange for a Promissory Note ("Note"). The repayment of the Note is secured by a Deed of Trust encumbering Plaintiff's property located in Sacramento, California. (Defendants' Request for Judicial Notice[4] ("RJN") Ex. 1, ECF No. 9.)

As alleged, Option One sold the Note to the "Sponsor" within thirty days of the origination of the Loan. The "Sponsor" then sold the Note to the "Depositor." Subsequently, the "Depositor" sold the Note, along with approximately five hundred other loans, to the Asset-Backed Securities Corporation Home Equity Trust, a New York based Real Estate Mortgage Investment Conduit Trust, which is the current owner of the Promissory Note.

///

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. R. 230(g).

[3] Unless otherwise noted, the following facts are taken, sometimes verbatim, from Plaintiff's Complaint, filed on December 24, 2012. (ECF No. 2.)

[4] Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are not subject to reasonable dispute because the facts are either generally known or their accuracy can be easily determined. Fed. R. Evid. 201(b). The Ninth Circuit has recognized that a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). In the present case, Defendants request that judicial notice be taken of thirteen documents relating to the property in question, including: Deed of Trust; Corporate Assignment of Deed of Trust; Notice of Default and Election to Sell Under Deed of Trust; Notice of Trustee's Sale; Substitution of Trustee; Notice of Lis Pendens; Rescission of Default & Election to Sell; Deed of Full Reconveyance; and Trustee's Deed Upon Sale. (ECF No. 9). Each document has been recorded at the Sacramento County Recorder's Office, making them documents of public record. Therefore, the Court takes judicial notice of the above-listed documents.

The Asset-Backed Securities Corporation Home Equity Loan Trust closed all transactions involving all purchased loans according to the Pooling and Servicing Agreement associated with that Trust.  The beneficial interest in the Deed of Trust was subsequently assigned to U.S. Bank National Association, as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2006-HE3, Asset Backed Pass-Through Certificates, Series OOMC 2006-HE3.  (RJN Ex. 2.)  Homeward Residential Inc. is the current servicer of Plaintiff's Loan.  As alleged, Plaintiff never received notice of the "repeated transfers" of Plaintiff's Promissory Note.  (Compl. ¶ 84.)  Plaintiff defaulted on her loan in December of 2011 and was sent a Notice of Default and Election to Sell Under Deed of Trust on December 15, 2011.  (RJN Ex. 3.)

On December 24, 2012, Plaintiff filed her operative Complaint asserting the following causes of action: (1)  Quiet Title; (2) Declaratory Relief; (3) Slander of Title; (4) Violation of California Civil Code § 2923.5; (5) Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g); and (6) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.

///

3

However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

     Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

     A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."

///

1  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc.,
2  316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered
3  when deciding whether to grant leave to amend).  Not all of these factors merit equal
4  weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the
5  greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir.
6  1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint
7  could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d
8  1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir.
9  2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave
10  need not be granted where the amendment of the complaint . . . constitutes an exercise
11  in futility . . .")).

## ANALYSIS

The Court will address Plaintiff's federal claims[5] for violations of TILA and FDCPA first before proceeding to the remaining state law claims.

///
///
///

---

[5] Plaintiff has failed to file any meaningful opposition to Defendants' Motion to Dismiss with regard to both of the federal claims.  In fact, Plaintiff's opposition memorandum addresses only claims for quiet title and declaratory relief and is silent as to the remaining causes of action.  (See ECF No. 11.)  The Court will not, at this time, view Plaintiff's failure as a waiver of objections to Defendants' Motion to Dismiss with respect to the TILA and FDCPA claims.  However, Plaintiff's future failure to oppose Defendants' motion to dismiss with respect to each claim for relief and with respect to each argument raised by Defendants will result in a dismissal of the relevant claims with prejudice.  See Tatum v. Schwartz, No. Civ. S-06-01440 DFL EFB, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) (holding that the plaintiff "tacitly concede[d]" that her claim should be dismissed by failing to address defendants' argument in her opposition, and granting defendants' motion to dismiss with respect to that claim); Silva v. U.S. Bancorp, No. 5:10–cv–01854–JHN–PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct.  6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be dismissed by failing to address Defendants' arguments in his Opposition."); Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C.2002 ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

### A.     TILA Claim

Plaintiff seeks monetary damages and restitution for Defendants' failure to comply with Section 1641(g) of TILA.  (Compl. at 29.)  Section 1641(g) states, in relevant part:

> [N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including: (A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g).  Thus, generally speaking, the borrower must be given written notice of transfer or assignment of his or her loan within 30 days of the transfer or assignment.

In her Complaint, Plaintiff alleges that several transfers of Plaintiff's loan have occurred since Plaintiff obtained her mortgage, and that each named Defendant failed to provide her with notice of the transfers.  (Compl. ¶¶ 84, 89.)  Defendants argue that Plaintiff's TILA claim should be dismissed because (1) it is time barred; and (2) it fails to allege sufficient facts to constitute a claim for which relief can be granted.  (ECF No. 8 at 28-29.)

Section 1640(e) of TILA provides that an action for a violation of Section 1641(g) "may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  Plaintiff's Complaint, while asserting "repeated transfers of Plaintiff's Note" by Defendants (see Compl. ¶ 84), does not contain any facts demonstrating when the alleged violations took place.  Plaintiff's opposition memorandum is also silent with respect to this issue.  The documents of which the Court took judicial notice, however, demonstrate that the transfers of Plaintiff's loan took place more than a year before the filing of this lawsuit.  (See RJN Ex. 2.)  Accordingly, Plaintiff's TILA claim fails as time-barred.

Plaintiff will be afforded leave to amend to demonstrate that her TILA claim is brought within the applicable statutory period or that there are grounds for equitable tolling of the statute of limitations.[6]

Aside from the statute of limitations issue, Plaintiff's TILA claim fails for an additional reason that it inappropriately lumps all Defendants together without specifying the basis for their liability and without providing each Defendant with "fair notice" of the specific allegations against them. See, e.g., Lane v. Vitek Real Estate Industries Group, 713 F. Supp. 2d 1092, 1101 (E.D. Cal. 2010); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988); Molina v. Washington Mut. Bank, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *5 (S.D. Cal. Jan. 29, 2010). Plaintiff's duty to specify each Defendant's wrongful conduct and to plead the basis of each Defendant's liability is of particular importance in the context of Section 1641 of TILA which, by its terms, does not apply to all parties involved in a lending transaction. TILA states, in relevant part:

> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation . . . a servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation.

15 U.S.C. § 1641(f)(1)-(2). Thus, "[s]ervicers of consumer obligations are not to be treated as assignees for purposes of imposing liability unless they are also the owner of the obligation."

///

///

---

[6] The Ninth Circuit has explained that "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action," and that district courts may "evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly." King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986).

See Sherrell v. Bank of Am., N.A., No. CV F 11–1785 LJO JLT, 2011 WL 6749765, at *12 (E.D. Cal. Dec. 22, 2011); see also Consumer Solutions REO, LLC v. Hillery, No. C-08-4357 EMC, 2010 WL 144988, at *3 (N.D. Cal. Jan. 8, 2011) ("[A] TILA damages claim predicated on a violation of § 1641(f)(2) cannot stand because TILA allows for a suit against a creditor or an assignee but not a servicer except under narrow circumstances . . ."); Marks v. Ocwen Loan Serv., No. C 07-02133 SI, 2008 WL 344210, at *2 (N.D. Cal. Feb. 6, 2008) ("[L]oan servicers are not liable under TILA as assignees unless the loan servicer owned the loan obligation at some point.").

Nothing in Plaintiff's Complaint suggests that Defendant American Home Mortgage Servicing, Inc. does or at any point did own Plaintiff's loan obligation. Thus, Plaintiff has failed to state a viable TILA claim at least against Defendant American Home Mortgage Servicing, Inc. Accordingly, Plaintiff's general allegation that "[e]ach and every named Defendant violated 15 U.S.C. § 1641" (see Compl. ¶ 94) is improper and does not satisfy Rule 8's pleading requirements.

For the reasons stated above, Defendants' Motion to Dismiss is granted[7] with respect to Plaintiff's TILA claim. Plaintiff will be afforded an opportunity to amend her pleading to state a cognizable claim for relief under Section 1641 of TILA.

### B.    FDCPA Claim

Plaintiff asserts that Defendants failed to comply with the FDCPA by illegally attempting collection on Plaintiff's debt obligation. (Compl. ¶ 98.) Defendants contend that Plaintiff's FDCPA claim fails because Defendants are not "debt collectors" within the meaning of the FDCPA, and thus cannot be liable under the statute. (ECF No. 8 at 29.)

---

[7] Defendants Option One has not appeared in this action and has not moved to dismiss Plaintiff's complaint. According to the Complaint, Option One is now out of business and is no longer an operating company. (Compl. ¶ 30.) Because the arguments made in Defendants' Motion to Dismiss apply equally to Plaintiff's claims against Option One, the Court may, sua sponte, dismiss Option One from this action for the reasons articulated in this Order. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742–43 (9th Cir.2008).

1       The FDCPA, by and large, regulates debt collectors. 15 U.S.C. §§ 1692(e)-(f). The term "debt collector" is defined as "any person who uses any instrumentality . . . in any business the principal purpose of which is the collection of any debts." Id. § 1692(a)(6)(a).  The definition excludes any person who collects debt "to the extent such activity . . . (i) concerns a debt which was originated by such person; or (ii) concerns a debt which was not in default at the time it was obtained by such person." Id. § 1692(a)(6)(f).  It is well established in this district that foreclosure proceedings are not considered debt collections under the FDCPA, and that the FDCPA does not extend to cover the "consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Nool v. HomeQ Serv. 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quotation omitted); see also Angulo v. Countrywide Home Loans, Inc., No. 1:09-CV-877-AWI-SMS, 2009 WL 3427179, at *5 (E.D. Cal. Oct. 26, 2009) ("[C]reditors, mortgagors and mortgage service companies are not debt collectors and are statutorily exempt from liability under the FDCPA."); Miller v. Wells Fargo Home Mortg., No. CIV S–10–0284 GEB DAD PS, 2010 WL 3431802, at *7 (E.D. Cal. Aug. 31, 2010) ("The FDCPA does not apply to non-judicial foreclosure since a debt collector for purposes of the Act does not include the consumer's creditors, a mortgage servicing company, or an assignee of debt.").

      Here, Plaintiff fails to provide any substantive facts demonstrating that Defendants engage in activity that meets the definition of "debt collection" under the FDCPA. Accordingly, Defendants' Motion to Dismiss with respect to Plaintiff's FDCPA claim is GRANTED with leave to amend.

///
///
///
///
///
///

##### C.     Plaintiff's State Law Claims[8]

Before proceeding to the merits of Plaintiff's state law claims, the Court must establish the basis of its subject matter jurisdiction over these claims.  Generally, district courts have original jurisdiction over civil actions in two instances: (1) where a federal question is presented in an action arising under the Constitution, federal law, or treaty; or (2) where there is complete diversity between the parties.  28 U.S.C. §§ 1331, 1332.  According to Plaintiff's Complaint, the Court has both federal question jurisdiction and diversity jurisdiction over this action.  (Compl. ¶¶ 11-13.)

Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant.  Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).  In her Complaint, Plaintiff alleges that she is a California citizen.  (Compl. ¶ 15.)  Plaintiff further alleges that Defendant U.S. Bank "has a principal place of business located at 800 Nicollet Mall – Minneapolis, in the State of Minnesota and is incorporated in the State of California."  (Compl. ¶ 17.)  For purposes of diversity jurisdiction, national banking associations, such as Defendant U.S. Bank, are "citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  This district has interpreted this statute to mean that a national bank is a citizen of the location of its main office and is also a citizen of its principal place of business.  See Taheny v. Wells Fargo Bank, N.A., 878 F. Supp. 2d 1093 (E.D. Cal. 2012); Adams v. Wells Fargo Bank, N.A., No. 2:13-cv-00256-MCE-KJN, 2013 WL 1907746 (E.D. Cal. May 7, 2013).

While Plaintiff asserts that U.S. Bank's principal place of business is in Minnesota, the Complaint does not contain any allegations with respect to the location of U.S. Bank's main office.  The Complaint's reference to California as U.S. Bank's state of incorporation suggests that complete diversity might be lacking between the parties.

///

---

[8] Plaintiff's Complaint asserts the following state law claims: (1) Quiet Title; (2) Declaratory Relief; (3) Slander of Title; and (4) Violation of California Civil Code § 2923.5.

1  Plaintiff, as the party asserting diversity jurisdiction, bears the burden of demonstrating
2  that complete diversity exists. Kanter v. Warner–Lambert Co., 265 F.3d 853, 857–58
3  (9th Cir. 2001); see also Zirelli v. BAC Home Loan Serv., L.P., No. 2:11-cv-00305-GEB-
4  DAD, 2011 WL 6100442, at *1 (E.D. Cal. Dec. 7, 2011) ("A plaintiff has the burden of
5  pleading the existence of the court's jurisdiction and, in a diversity action, the plaintiff
6  must state all parties' citizenships such that the existence of complete diversity can be
7  confirmed.") (internal quotation marks omitted). Because Plaintiff's Complaint does not
8  allow the Court to confirm that it can exercise diversity jurisdiction, federal question
9  currently presents the sole basis of the Court's subject matter jurisdiction over this
10  action.

11  As fully explained above, Plaintiff has failed to state a cognizable federal claim
12  under either TILA or FDCPA. In the absence of a viable federal claim, the Court
13  declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims
14  at this time and dismisses these claims with leave to amend. See 28 U.S.C. § 1367(c).

## CONCLUSION

18  For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's
19  Complaint (ECF No. 8) is GRANTED as follows:
20    1.  The Court DISMISSES, with leave to amend, Plaintiff's federal claims
21  under TILA and FDCPA;
22    2.  The Court declines to exercise jurisdiction over Plaintiff's remaining state
23  law claims until and unless Plaintiff can assert a viable federal claim or demonstrate
24  diversity jurisdiction. Accordingly, Plaintiff's state law claims are DISMISSED with leave
25  to amend.
26  ///
27  ///
28  ///

3. Plaintiff is directed to file an amended complaint, should she choose to do so, within twenty (20) days from the date this Order is electronically filed. If no amended pleading is filed within said twenty (20) days, the Court will dismiss this action with prejudice with no further notice to Plaintiff.

IT IS SO ORDERED.

DATED: June 25, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT